# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| ANDRE TURK,<br><br>*Plaintiff*,<br><br>v.<br><br>STATE OF GEORGIA,<br><br>*Defendant.* | CIVIL ACTION NO.<br>5:24-cv-00354-TES |

### ORDER

Pro se Plaintiff Andre Turk filed a Complaint [Doc. 1] on October 1, 2024. However, Plaintiff has neither paid the $402.00 filing fee nor requested leave to proceed *in forma pauperis* ("IFP")—that is, without prepayment of the filing fee. In order to proceed, he must do one or the other. If Plaintiff moves to proceed IFP, he must do so by "submit[ting] an affidavit that includes a statement of all assets [he][1] possesses that [he] is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and [his] belief that [he] is entitled to redress." 28 U.S.C. § 1915(a)(1).

Further, Plaintiff's Complaint contains nothing but his name and contact

---

[1] "Despite the statute's use of the phrase 'prisoner possesses,' the affidavit requirement applies to all persons requesting leave to proceed [*in forma pauperis*]." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 n.1 (11th Cir. 2004).

information. *See* [Doc. 1]. Given Plaintiff's pro se status, the Court provides him an opportunity to amend his Complaint to assert some sort of allegations and request whatever relief he seeks. *See Duff v. Steub*, 378 F. App'x 868, 872 (11th Cir. 2010). If Plaintiff chooses to amend his Complaint, he should provide enough facts to plausibly demonstrate that Defendant's actions or omissions resulted in the violation of his rights under a specific statute.

Only "a short and plain statement" showing an entitlement to relief is required. Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007). There is no need for Plaintiff to use legalese in drafting his amended pleading. The Court recommends that Plaintiff list numbered responses to the following questions:

(1) What specifically did Defendant do (or not do) to violate his rights?

(2) When did each action occur?

(3) How did Defendant's actions injure Plaintiff?

Finally, Plaintiff did not sign his Complaint as required by Federal Rule of Civil Procedure 11(a). *See* [Doc. 1, p. 3]. So, in addition to either paying the filing fee or moving to proceed IFP, Plaintiff must file a *signed* amended Complaint if he wishes to proceed. *See* Fed. R. Civ. P. 11(a).

Accordingly, the Court **ORDERS** Plaintiff to recast his Complaint no later than **DECEMBER 16, 2024**. Plaintiff's failure to fully and timely comply with the details of this Order as laid out above, may result in the dismissal of this action. *See* Fed. R. Civ. P.

41(b); *Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) (per curiam) (first citing Fed. R. Civ. P. 41(b) and then citing *Lopez v. Aransas Cnty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978)) ("The court may dismiss an action *sua sponte* under Rule 41(b) for failure to prosecute or failure to obey a court order.").

**SO ORDERED**, this 14th day of November, 2024.

S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**
